1
2
3
4   JS-6
5
6
7
8   UNITED STATES DISTRICT COURT
9   CENTRAL DISTRICT OF CALIFORNIA
10
11  LIBERTY SURPLUS INSURANCE
    CORPORATION,                         Case No.: CV 15-859-DMG (JCx)
12
13         Plaintiff,                    **JUDGMENT [73]**
14      v.
15  DAVIES LEMMIS RAPHAELY LAW
    CORPORATION, M. RANDEL
16  DAVIES, ROSEMARY LEMMIS, and
17  SHAHAB RAPHAELY,
18         Defendant.
19
20
21
22
23
24
25
26
27
28

**JUDGMENT**

Plaintiff Liberty Insurance Underwriters Inc.'s ("Liberty") Motion for Summary Judgment came on for hearing as regularly scheduled before this Court on February 19, 2016 at 2:00 p.m. On February 23, 2016, the Court issued its Order with regard to Plaintiff's Motion for Summary Judgment [Doc. # 67].

Further, on April 25, 2016, the parties stipulated to facts regarding the claim expenses, including defense costs, incurred by Defendants Davies Lemmis Raphaely Law Corporation, M. Randel Davies, Rosemary Lemmis, and Shahab Raphaely (hereinafter collectively "Defendants") which were paid by Liberty. [Doc. # 73.] The Court made conclusions of law based upon the Stipulation Regarding Exhaustion of Policy Limit and Plaintiff's Claim for Reimbursement (the "Stipulation") submitted by the parties and issued an Order thereon dated May 3, 2016, which resolved the issues left to be tried after the Court's ruling on Liberty's Motion for Summary Judgment.

The Court, having considered the parties' written submissions in support of and in opposition to the Motion for Summary Judgment, the arguments presented by counsel, Stipulation and the Court's conclusions of law based on the Stipulation, the Court hereby declares and rules as follows:

1. Liberty's Motion for Summary Judgment is Granted;

2. All of the Underlying Actions[1] allege, are based upon, arise out of or are attributable to the same or related wrongful acts;

---

[1] The Underlying Actions are: Amlap ST, LLC, et al. v. Asset Management Consultants Inc., et al. (L.A. County Superior Court Case No. BC459858 filed April18, 2011); Priscilla Ahern, et al. v. Asset Management Consultants, Inc., et al. (L.A. County Superior Court Case No. BC 484356 filed May 10, 2012); William McCready, et al. v. Smith Linden & Basso, LLP, et al. (Orange County Superior Court Case No. 30-2013-00632262 filed February 21, 2013); George Kornievsky, et al. v. Smith Linden & Basso, LLP, et al. (Orange County Superior Court Case No. 30-2013-00635667 filed March 7, 2013); Michael Stella v. Asset Management Consultants, Inc., et al. (Los Angeles Superior Court Case No. BC508056 filed May 6, 2013); Sharon Kipnis, et al. v. Smith Linden & Basso, LLP, et al. (Orange County Superior Court Case No. 30-2013-00648235 filed May 7, 2013); James Glenn Barrons, et al. v. Smith Linden & Basso, LLP, et al. (Orange County Superior Court Case No. 30-2013-00648240 filed May 7, 2013).

3. As a result, the Underlying Actions constitute one claim subject to a single $1,000,000 per claim limit of liability under the 2010-2011 insurance policy issued by Liberty to Davies Lemmis Raphaely Law Corporation ("DLR") (the "2010-2011 Policy");

4. Through the payment of claim expenses, including defense costs, in connection with the Underlying Actions, Liberty has exhausted the first $250,000 in claim expenses that is not subject to the limit of liability pursuant to the Special Benefits section of the 2010-2011 Policy;

5. Through the payment of claim expenses, including defense costs, in connection with the Underlying Actions, Liberty has exhausted the per-claim limit of liability under the 2010-2011 Policy;

6. As a result of these payments, Liberty's duty to defend and/or indemnify Defendants with respect to the Underlying Actions is terminated;

7. Liberty is not entitled to any reimbursement for claim expenses, including defense costs, paid to date in excess of $1,250,000 in defending DLR or its attorneys against the Underlying Actions; and

8. To the extent Liberty pays reasonable and necessary claim expenses, including defense costs, in connection with the Underlying Actions after the date of this filing, Liberty preserves, and does not waive, the right to seek reimbursement for such payments from Defendants on a joint-and-several basis.

DATED: May 3, 2016

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE